**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**George Edward HICKOK,
Defendant–Appellant.**

**No. 89–6127.**

United States Court of Appeals,
Tenth Circuit.

July 3, 1990.

**984**

Timothy D. Leonard, U.S. Atty., Ted A. Richardson, Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff-appellee.

Ronald L. Wallace, Oklahoma City, Okl., for defendant-appellant.

Before SEYMOUR, BARRETT, and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

George Edward Hickok appeals the trial court's denial of his motion to withdraw a plea of guilty. We review the district court's denial for abuse of discretion, *United States v. Keiswetter*, 860 F.2d 992, 994 (10th Cir.1988), and hold the district court did not abuse its discretion in denying Hickok's motion.

On December 15, 1988, the government filed a three-count indictment against Hickok, alleging: one count of conspiracy to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846; one

count of interstate travel to facilitate the commission of a felony in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 1952(a)(3) and 18 U.S.C. § 2; and one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

On February 7, 1989, Hickok filed with the district court a nine-page document entitled "Petition to Enter Plea of Guilty."[1] In the petition, Hickok stated that he wanted to plead guilty to count three to "minimize exposure and prosecution's testimony [sic] that I had marijuana in front of car." Further, he stated he thought he was guilty of the charge based on "knowledge of marijuana in trunk of vehicle and that it was to be delivered to St. Louis MO." In open court, pursuant to a plea agreement, Hickok entered a plea of guilty to count three of the indictment, possession with intent to distribute approximately 380 pounds of marijuana. Hickok testified under oath that he transported marijuana in his vehicle in Oklahoma City for the purpose of distribution in St. Louis, Missouri. Hickok concedes the judge accepted the plea after "satisfying himself of Hickok's capacity to understand the implications of the plea and the facts supporting it."

On March 21, 1989, Hickok filed a motion to withdraw the plea, stating "it would be fair and just to permit him to withdraw his plea in that his plea was entered as a result of ignorance and fear." The court heard the motion on March 30, 1989. Hickok was represented by a new attorney, who argued the court should permit Hickok to withdraw his plea because "valid defenses to the charges existed and [Hickok] desired a jury trial." The court denied the motion and on April 10, 1989, sentenced Hickok to a term of five years imprisonment.

Hickok now argues the court abused its discretion in refusing to permit him to withdraw his guilty plea for three reasons: (1) he is entitled to have a jury determine his guilt or innocence; (2) the government

1. This document sets forth in detail the prerequisites to entry of a guilty plea, including background information, constitutional rights and waivers, information on sentencing, application of the sentencing guidelines, questions regarding the voluntariness of the plea, and factual basis written by the defendant. Both the defense attorney and the government attorney certified the advisements and the propriety of the guilty plea in general.

would not be prejudiced by withdrawal of the plea; and (3) the trial court improperly considered evidence of Hickok's guilt or innocence in refusing to permit Hickok to withdraw his plea. We are unpersuaded by Hickok's arguments.

 First, while it is true that a person charged with a criminal offense is entitled to have a jury determine his guilt or innocence, it is also true that he can and may waive that fundamental right by pleading guilty. *Duncan v. Louisiana*, 391 U.S. 145, 158, 88 S.Ct. 1444, 1452, 20 L.Ed.2d 491 (1968). Further, by pleading guilty, Hickok waived all nonjurisdictional defenses. *United States v. Davis*, 900 F.2d 1524, 1525–26 (10th Cir.1990). Before accepting a plea of guilty, the court must address the defendant in open court, inform him and determine that he understands that by pleading guilty, he waives the right to a trial. Fed.R.Crim.P. Rule 11(c)(4). Hickok does not argue that the court failed to comply with Rule 11. He does not argue that his plea was involuntary, that he entered it without knowledge, or that his counsel was ineffective. Rather, he argues that because counsel No. 2 would have handled the case differently, the trial court should permit him to withdraw his plea. We know of no authority to support this position.

 After waiving the aforementioned rights and entering a guilty plea, a defendant may seek to withdraw his guilty plea under Fed.R.Crim.P. Rule 32(d), which provides as follows:

> Plea Withdrawal. If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, imposition of sentence is suspended, or disposition is had under 18 U.S.C. § 4205(c), the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255.

"One who enters a guilty plea has no right to withdraw it," *Barker v. United States*, 579 F.2d 1219, 1223 (10th Cir.1978), and the defendant bears the burden of demonstrating a "fair and just reason" for withdrawal of his guilty plea. *Keiswetter*, 860 F.2d at 994; *United States v. Turner*, 898 F.2d 705, 713 (9th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 2574, 109 L.Ed.2d 756 (1990).

Various circuits have considered the meaning of "fair and just reason" under the rule. In *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir.1984), *cert. denied*, 471 U.S. 1004, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985), the Fifth Circuit set forth seven factors to be considered when applying the standard.[2] The Ninth Circuit, in *Turner*, implied the legitimacy of several other considerations, stating:

> [The defendant] "[did] not challenge the adequacy of Rule 11 hearing nor [did] he allege newly discovered evidence, intervening circumstances or any other reason for withdrawing his guilty plea that did not exist when he pleaded guilty." When making his request to withdraw his guilty plea, [he] merely stated "I feel that I am being blamed for a lot of stuff I didn't do." The district court did not abuse its discretion by ruling that this

---

2. The *Carr* factors are as follows: (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; (7) whether or not the withdrawal would waste judicial resources, and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion.

Under some circumstances, however, protestations of innocence do not meet the test. Even the "[a]ssertion of a defendant's subjective belief in his own innocence does not mandate allowing him to withdraw his plea of guilty. *See United States v. Buckley*, 847 F.2d 991, 998 n. 4 (1st Cir.1988) ('By definition, defendants who make *Alford* pleas do not deny their legal innocence. This does not mean they can withdraw these pleas willy-nilly.') [*cert. denied*, 488 U.S. 1015, 109 S.Ct. 808, 102 L.Ed.2d 798 (1989)]." *Keiswetter*, 860 F.2d at 994.

unsupported protest was not a fair and just reason for withdrawal.

898 F.2d at 713 (citations omitted).

Hickok argues the "fair and just reason" for withdrawal of his plea is his "desire to have a jury determine his guilt or innocence." He asserts that based on ignorance, he forewent the opportunity to chance conviction of a lesser included offense. Hickok does not, however, claim that the advice of counsel was constitutionally defective. He also does not claim any defect in the Rule 11 proceedings. Hickok clearly bargained for dismissal of two counts, and agreed to plead guilty to one count. Hickok's only basis for seeking withdrawal of his plea appears to be his change of heart. We agree with the Ninth Circuit that change of heart does not pass muster. *United States v. Rios–Ortiz*, 830 F.2d 1067, 1069–70 (9th Cir.1987) (change of heart, without more, does not warrant withdrawal).

Hickok argues strenuously that we should adopt a "liberal view" of a defendant's right to withdraw his guilty plea. "[I]t is clear that a motion for withdrawal before sentencing should be viewed with favor. The defendant should be given a great deal of latitude." Although it is true that in *Barker* we stated that the general rule of law provides for liberal treatment of presentencing motions to withdraw guilty pleas, *Barker*, which is based on the language of *Kercheval v. United States*, 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927), does not stand for the proposition that liberality supersedes the "fair and just" test. In *Barker* we wrote:

Even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, ([*Dorton v. United States*, 447 F.2d 401 (10th Cir.1971), citing *Kercheval*]) still the decision thereon is within the sound discretion of the trial court. *Johnson v. United States*, 485 F.2d 240 (10th Cir.1973). Thus, unless it is shown that the trial

court acted unjustly or unfairly, there is no abuse of discretion. *Johnson, supra....* It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion.

579 F.2d at 1223.[3]

■ Hickok also argues that because the government would not suffer prejudice by permitting him to withdraw the plea, the court should allow him to do so.

[Hickok's] motion to withdraw should be viewed in a [sic] extremely favorable light. His desire for a jury trial should be honored unless the government can demonstrate compelling prejudice.

. . . .

The lack of prejudice is important in light of Hickok's desire for a jury trial. Hickok simply wishes to exercise his constitutional rights and there is no valid reason to prevent such exercise.

Hickok's argument overlooks the fact that the defendant bears the burden of persuasion at the trial level in attempting to withdraw his guilty plea. Unless a defendant presents a "fair and just reason" for the withdrawal, the court need not consider prejudice to the government. *United States v. Alvarez–Quiroga*, 901 F.2d 1433, 1439 (7th Cir.1990).

Thus, Hickok's argument embraces a position that is no longer supported by the amended Rule 32. In *United States v. Strauss*, 563 F.2d 127 (4th Cir.1977), the Fourth Circuit reiterated the position of one commentator that the " 'sounder view, supported both by the language of the rule and by the reasons for it, would be to allow withdrawal of the plea prior to sentencing unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea.' " *Id.* at 130–31 (quoting 2 C. Wright, *Federal Practice and Procedure* § 538, at 474–75 (1969)). As the notes to the 1983 amendment to Rule 32 indicate, this is no longer a tenable position:

Although [the *Strauss*] position may once have been sound, this is no longer

---

**3.** Rule 32 has been amended since our decision in *Barker*. *See* Notes of Committee on the Judiciary, House Report No. 94–247 U.S.Code Cong.

& Admin.News 1975, 674, regarding the 1983 amendment to Rule 32(d). The amendment, however, does not dilute our holding in *Barker*.

the case in light of the recent revisions of Rule 11.... Given the great care with which pleas are taken under this revised Rule 11, there is no reason to view pleas so taken as merely "tentative," subject to withdrawal before sentence whenever the government cannot establish prejudice.

Notes of Committee on the Judiciary, House Report No. 94–247, *Federal Criminal Code and Rules*, p. 112 (West Publishing Co. 1990).

Finally, citing *United States v. Young,* 424 F.2d 1276 (3rd Cir.1970); *Leonard v. United States,* 231 F.2d 588 (5th Cir.1956); *Friedman v. United States,* 200 F.2d 690 (8th Cir.1952), *cert. denied,* 345 U.S. 926, 73 S.Ct. 784, 97 L.Ed. 1357 (1953); and *United States v. Tateo,* 214 F.Supp. 560 (S.D.N.Y.1963), Hickok argues that in ruling on the motion, the trial court improperly considered evidence of his guilt. We have reviewed the case law cited and the record submitted, and are wholly unpersuaded by Hickok's argument.

The trial court observed:

The guilt or innocence of the Defendant is not one of the criteria that should be used in determining whether or not to let a Defendant withdraw a plea of guilty.

It's just whether or not on the basis of fairness it should be.

. . . .

I just don't think it would take a jury very long when we have a Defendant with a Police Officer testifying that he— if I remember right—he actually had a smoking pipe at the time of the arrest and had some marihuana in a briefcase inside the vehicle. And had substantial, additional quantity in the rear of the vehicle.

I think [the defense counsel] wisely advised your client to make the best of a bad situation. And to make the best of a bad situation here was to come forward and admit his guilt and to cooperate.

Thus, the trial court stated a proper standard but then rendered his opinion of the case.

We are not persuaded that these comments amounted to considerations of guilt in ruling on the motion or that they constitute reversible error. After hearing extensive testimony from the prior defense counsel and Hickok himself, the court determined that Hickok had not presented a "fair and just" reason for withdrawing the plea. In light of the fact that Hickok failed to present any basis for withdrawal of his plea, the court's comments about the strength of the government's case, though perhaps ill-advised, are legally inconsequential. We hold the trial judge did not abuse his discretion in denying the motion to withdraw the guilty plea.

The judgment and sentence of the district court therefore is AFFIRMED.