930 F.2d 36
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Stewart WRIGHT, a/k/a Paul D. Shubert, Defendant-Appellant.
 No. 90-2067.
 United States Court of Appeals, Tenth Circuit.
 April 10, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 On December 5, 1989, defendant-appellant Robert Stewart Wright pled guilty to one count of bank fraud in violation of 18 U.S.C. Sec. 1344 (1988) in return for dismissal of a second count of bank fraud. On March 6, 1990, Wright moved to withdraw this plea on the grounds that: (1) he had been misinformed that the applicable sentencing guideline range for his offense was 6-12 months, when it was actually 10-16 months; (2) he had not been informed that his sentence could include a period of supervised probation and (3) he did not believe that he was criminally culpable of the offense. Doc. 88. The district court denied this motion on March 9, 1990, and sentenced Wright to fourteen months confinement, three years of post-confinement supervised probation and payment of restitution. Wright appeals the district court's denial of his motion to withdraw his guilty plea. We affirm.[1]
 
 
 2
 On appeal, Wright argues based on several theories that reversal is required because his counsel failed to inform him accurately of the possible length and scope of his sentence. First, Wright contends that these omissions amounted to ineffective assistance of counsel and led him to plead guilty without the necessary "awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970). Next, Wright argues that his counsel's inaccurate sentence prediction rendered his plea involuntary as a matter of law. Finally, Wright claims that his counsel's error, coupled with Wright's post-plea denial of "criminal culpability," compelled the court to exercise its discretion to allow Wright to withdraw his plea. We reject each of these arguments.
 
 
 3
 To succeed in his first claim, Wright must both "overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' " Laycock v. New Mexico, 880 F.2d 1184, 1187 (10th Cir.1989) (quoting Strickland v. Washington, 466 U.S. 668, 689 (1984)), and prove that "[']there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty. [']" Laycock, 880 F.2d at 1187 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Wright claims that his reliance on defense counsel's incorrect sentencing estimate meets this standard. It is well established, however, that "a mere inaccurate prediction [of the defendant's sentence], standing alone, [does] not constitute ineffective assistance" of counsel. United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir.1990); Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir.1986); see also Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990) (inaccurate sentencing prediction that was not "a gross mischaracterization of the likely outcome of [defendant's] case" was not ineffective assistance of counsel), cert. denied, --- U.S. ---- (1991). We find no merit, therefore, in Wright's claim that the district court should have allowed his guilty plea to be withdrawn due to ineffective assistance of counsel.
 
 
 4
 We also reject Wright's contention that his plea was involuntary because his counsel failed to accurately predict the precise length and form of his sentence. In general, an inaccurate sentence prediction by defense counsel does not render a guilty plea involuntary. See Laycock, 880 F.2d at 1186; Wellnitz v. Page, 420 F.2d 935, 936 (10th Cir.1970). A plea may be held invalid on this basis, however, if the defendant proves both that his counsel materially misinformed him of the consequences of the plea or the court's probable disposition and that he relied on this misrepresentation. United States v. Williams, 919 F.2d 1451, 1456 (10th Cir.1990).
 
 
 5
 In this case, we have some difficulty in accepting Wright's assertion that defense counsel's prediction of Wright's sentence was materially different from the sentence ultimately imposed by the district court. Even assuming that Wright was "materially misinformed" by defense counsel, however, we cannot agree that Wright relied on this estimate and thus remained ignorant of the consequences of his plea. The record in this case reveals that the district court informed Wright that he faced a maximum possible sentence of five years, that his precise sentence would be determined by application of the federal sentencing guidelines to the facts identified in the not-yet-completed presentencing report and that Wright's sentence could be more or less severe than that predicted by Wright's counsel.[2] Tr. 12/5/89 at 11-12. In response to the court's questioning, Wright stated that he understood each of these provisions. Id. Under these circumstances, we cannot agree with Wright's claim that his plea was involuntary because he did not understand the consequences of his plea. See Williams, 919 F.2d at 1456-57 (plea was not involuntary when district court imposed more severe sentence on defendant than predicted by both prosecutor and defense counsel when court had informed defendant that it was not bound by these estimates).
 
 
 6
 We also reject Wright's argument that the district court abused its discretion under Rule 32(d) of the Federal Rules of Criminal Procedure in failing to allow Wright to withdraw his plea. This rule authorizes a district court to allow withdrawal of a plea before sentencing "upon a showing by the defendant of any fair and just reason." Fed.R.Crim.P. 32(d). In determining whether the defendant has made the necessary showing, the following seven factors are considered:
 
 
 7
 (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his motion, and if so, the reason for delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to defendant; (6) whether the plea was knowing and voluntary; (7) whether the withdrawal would waste judicial resources.
 
 
 8
 United States v. Rhodes, 913 F.2d 839, 845 (10th Cir.1990), cert. denied, 111 S.Ct. 1079 (1991).
 
 
 9
 In this case, the district court denied Wright's motion to withdraw his plea on the grounds that Wright admitted his guilt at the time of pleading and that his plea was knowingly and voluntarily entered. Tr. 12/9/90 at 2-3. Given the standard cited above and the facts of this case, we find no abuse of discretion in this decision. See United States v. Hickok, 907 F.2d 983, 986 (10th Cir.1990) (defendant's change of heart, without more, does not warrant withdrawal of plea).
 
 
 10
 The judgment of the United States District Court for the District of New Mexico is therefore AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument
 
 
 [2]
 In fact, the principal reason for the discrepancy between defense counsel's estimated sentencing range of 6-12 months and the court's determination of a 10-16 month range was Wright's failure to inform his counsel of his prior criminal history. See Doc. 88 at 2