940 F.2d 1539
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William P. BAILEY, Defendant-Appellant.
 No. 90-1385.
 United States Court of Appeals, Tenth Circuit.
 Aug. 5, 1991.
 
 Before LOGAN, JOHN A. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant William P. Bailey was charged with possession with intent to distribute one hundred grams or more of a mixture or substance containing methamphetamine and possession of a firearm in connection with that offense, in violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(B), and 18 U.S.C. Sec. 924(c)(1). Pursuant to a plea agreement, after some hesitation and a recess to permit him to consult with his attorney, defendant entered a guilty plea to the drug charge and an Alford plea to the weapons charge. After informing defendant of the consequences of his plea and questioning him at length to determine if the plea was being knowingly, voluntarily, and intelligently made, the district court accepted the guilty plea.
 
 
 3
 A month later, defendant filed motions to substitute counsel and withdraw his guilty plea. He argued that the court should allow him to withdraw his plea because (1) he had mistakenly waived his right to contest the constitutionality of the search which revealed drugs in his vehicle; (2) he was not guilty of carrying a weapon in connection with a drug offense; and (3) he and his family had received threats which he believed would be carried out if he followed through with the plea agreement requiring him to testify in other criminal matters. The district court, after a hearing, permitted substitution of counsel but refused to allow defendant to withdraw his plea. The court found that the threats were vague and speculative and not an adequate basis for withdrawal of properly entered plea. The district court then sentenced defendant to the six years of imprisonment defendant knew he would receive under the plea agreement. This appeal followed.
 
 
 4
 "If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, ... the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." Fed.R.Crim.P. 32(d). In challenging the denial of a motion to withdraw, the defendant has the burden to demonstrate a fair and just reason for withdrawal of the plea. United States v. Hickok, 907 F.2d 983, 985 (10th Cir.1990). When applying this standard, a court must consider:
 
 
 5
 (1) whether the defendant has asserted his innocence;
 
 
 6
 (2) whether withdrawal would prejudice the government;
 
 
 7
 (3) whether the defendant delayed in filing his motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court;
 
 
 8
 (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; (7) whether the withdrawal would waste judicial resources.
 
 
 9
 United States v. Rhodes, 913 F.2d 839, 845 (10th Cir.1990).
 
 
 10
 In the instant case, the district court concluded that no fair and just reason existed to permit the withdrawal of the plea. After examining the appellate record, consisting of the appendix, and citations to and quotations from portions of the record contained in the parties' briefs, we cannot say that the court erred in this determination. The only evidence of threats were third-party accounts of vague references to the safety of defendant and his family. Defendant has not shown that his plea was unknowing and involuntary, or that he did not have close assistance of counsel. The district court went to great lengths to ensure that defendant was fully aware of what he was doing before accepting his plea, even allowing a recess to enable defendant to consult with his attorney. Further, there is indication that withdrawal of the plea would prejudice the government. While the government stated it had plea agreements or guilty verdicts from eighteen codefendants, and did not anticipate needing defendant's testimony as to them, one codefendant was still at large. On the basis of the record available to us, we hold that the district court did not abuse its discretion in denying defendant's motion to withdraw his plea.
 
 
 11
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3