976 F.2d 740
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Enzo Anthony VINCENZI, also known as Anthony Di Vincenzi,
Defendant-Appellant.
 No. 92-2022.
 United States Court of Appeals, Tenth Circuit.
 Sept. 23, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Anthony Di Vincenzi contends the district court erred in refusing to permit him to withdraw his pleas of guilty to separate charges of possession of marijuana with intent to distribute and failure to appear.[1] In a prolix and repetitive brief of 28 pages in length citing no cases from this circuit on the issue and setting forth the incorrect standard of review, defendant manages to obfuscate the only issue before us. We affirm, nonetheless.
 
 
 4
 Prior to consideration of that issue, we are constrained to comment on the material submitted to us by defense counsel. Although we are generally lenient in the demands we make on appointed counsel, we expect from them competent and professional service. Moreover, in this era of expanding criminal litigation when federal courts are burdened with the almost overwhelming task of bringing justice to the accused, lawyers fail their duty as officers of the court by foisting upon us meaningless and unhelpful rhetoric.
 
 
 5
 In this case, the brief filed by counsel is virtually devoid of assistance to the court. For example, counsel takes ten pages to quote needlessly, apparently verbatim, from the transcript which is in the record. Next, instead of the statement of facts required by Fed.R.App.P. 28(a)(3), counsel recounts the incidents leading to defendant's arrest which have nothing to do with the issue on appeal. Then, counsel fails to set forth the correct standard of review as required by 10th Cir.R. 28.2(c). The standard of review of a trial court's denial of a motion to withdraw a guilty plea is abuse of discretion. United States v. Burger, 964 F.2d 1065, 1070 (10th Cir.1992). Finally, compounding the length and prolixity of the brief, counsel repeats numerous times statements and contentions previously set forth. To find the kernel in all this chaff, we have had to deal with an overabundance of irrelevant hyperbole. We document our frustration in the hope that counsel will learn from the experience and redirect his efforts in the future.
 
 
 6
 The only issue before us is whether the district court abused its discretion in refusing to allow the defendant to withdraw his guilty pleas. At the outset, it should be understood that no one has the right to do so. United States v. Hickok, 907 F.2d 983, 985 (10th Cir.1990). Moreover, the defendant seeking leave to withdraw a plea of guilty has the burden of showing the fair and just reason required by Fed.R.Crim.P. 32(d); Burger, 964 F.2d at 1070-71.
 
 
 7
 The reasons advanced by Mr. Di Vincenzi are that "he was misrepresented as to the severity he may have faced were he to proceed to trial," and "his plea arose out of proceedings where he believed that the government's agent, Kevin Small, misrepresented the role of a confidential informant in the investigation." The district court determined these were not fair and just reasons for allowing the withdrawal of the pleas.
 
 
 8
 Unfortunately, defendant's counsel did not include in the record of this case the transcript of the arraignment at which the guilty pleas were entered. Nonetheless, such a transcript was available to the district court when it considered the motion to withdraw, and the court referred to that transcript in the record before us.
 
 
 9
 On the issue of whether the defendant was properly advised of "the severity he may have faced were he to proceed to trial," the district court noted, "And I informed him that if he entered a plea of guilty and I accepted it, I informed him of the penalties that were involved." If we had the transcript of the arraignment, we would of course know precisely what the court advised; however, it is apparent the court was reading from that transcript when it paraphrased that advice, and defendant made no objection to the accuracy of the statement. We believe, therefore, there is no factual foundation for the defendant's contention that he was unaware of the penalty he faced when he entered his pleas.[2]
 
 
 10
 In an apparent aside to this issue, defendant claims the attorney he had retained at the time he entered his pleas made "errors in strategy" and had not "fully advised him as to his rights at trial and on appeal." Those contentions have little merit.
 
 
 11
 First of all, the defendant's right to counsel does not include a guarantee that the lawyer will make perfect decisions in every matter. His Sixth Amendment right extends only to competent counsel, Strickland v. Washington, 466 U.S. 668 (1984), and nothing presented in the record indicates a deprivation of that right. Second, from the district court's other summations of the advisement given to the defendant at the time of the pleas, it is apparent the court "explained to him that he had no obligation to prove his innocence, that he was entitled to a jury trial on the charges, and that a jury of twelve people had to return a unanimous verdict of guilty before he stood convicted." That is certainly an explanation of "his rights at trial." Furthermore, the district court stated, as part of its recapitulation of the arraignment, "He [defendant] responded to every instruction that the Court gave him."[3] We are satisfied that there is no substance to defendant's contentions.
 
 
 12
 Finally, defendant does not favor us with an articulate explanation of why the "misrepresentation of the role of a confidential informant" should entitle him to withdraw his pleas. In his own words, Mr. Di Vincenzi told the court, "And the fact that Kevin Small was allowed to lie in court and get away with it is one of the reasons why I wound up entering the plea, for the fear of facing additional time in prison." There is no further elucidation presented in the brief.
 
 
 13
 Assuming for the sake of analysis only that the fact of a lie by a witness can have a logical bearing on the pleas, the argument is substantially undercut by what occurred at arraignment. According to the trial court,
 
 
 14
 I asked him if anybody had made any other promises to him, he indicated no. I asked him if he had been threatened or coerced to enter the plea and he said no, and I asked him specifically about the entry of his plea of guilty, do you do so voluntarily and willingly, and he said, yes sir.
 
 
 15
 Again, a transcript would make precise what was said, but the uncontroverted indication before us is that there were no compelling reasons for the pleas other than the fact of defendant's guilt.
 
 
 16
 In sum, we hold defendant failed his burden of showing a fair and just reason for granting his motion to withdraw the pleas. Moreover, he has equally failed to demonstrate the district court abused its discretion by rejecting his effort.[4]
 
 
 17
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The appeal is submitted on the briefs by stipulation
 
 
 [2]
 For a plea of guilty to be set aside on the ground of misrepresentation, the defendant must show the plea was a product of material misrepresentations; Laycock v. New Mexico, 880 F.2d 1184, 1186 (10th Cir.1989) (emphasis added). The showing made here falls far short of this standard
 
 
 [3]
 In this context, we cannot take seriously defendant's contention that the trial court failed to follow the procedures required of Fed.R.Crim.P. 11. Not only has defendant defaulted on his appellate burden of producing a record to substantiate his claims, but the district court's summation of the arraignment transcript belies the defendant's arguments
 
 
 [4]
 We note again that although there is an abundance of cases in this circuit on the issue of withdrawal of a guilty plea, counsel has not cited one. Instead, he relies upon off the point cases from other circuits