**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 30 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL RAFAEL COLLINS,

Defendant-Appellant.

No. 97-1322
(D.C. No. 97-CR-50-Z)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  Therefore, the case is ordered submitted without oral argument.

Defendant Michael Collins appeals the district court's denial of his motion to withdraw his guilty plea.  We affirm.

Collins and his codefendant Earl Wilder were charged on February 11, 1997, with

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

one count of possession of cocaine and two counts of distribution of crack cocaine, in violation of 21 U.S.C. §§ 812, 841.[1] Wilder pleaded guilty and Collins entered into an agreement whereby he would plead guilty to two counts of interstate travel in aid of racketeering, in violation of 18 U.S.C. § 1952, and one count of use of a communication facility in furtherance of distribution of cocaine base, in violation of 21 U.S.C. § 843(b), in exchange for dismissal of the original indictment. Collins signed the agreement on June 20, 1997, but on August 28, 1997, defense counsel moved to withdraw from representing Collins and filed a motion indicating Collins wanted to withdraw his plea. The district court denied the motion to withdraw his plea on August 29, 1997. Collins renewed his motion at the sentencing hearing on September 2, 1997, and the court again denied the motion. Collins was sentenced to 108 months' (nine years) imprisonment.

Although a defendant's motion to withdraw a plea before sentencing should be "freely allowed and treated with liberality," the district court's decision to deny the motion is discretionary. United States v. Graves, 106 F.3d 342, 343 (10th Cir. 1997) (quoting Barker v. United States, 579 F.2d 1219, 1223 (10th Cir. 1978)). We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. Id.

---

[1] The facts are not particularly relevant to disposition of the appeal. The first count charged Collins with distribution of cocaine and was filed after it was discovered he transported $12,000 in drug sale proceeds from California to Colorado. The second count was filed after a confidential informant purchased cocaine from one of Collins' associates. Finally, Collins was charged with possession of cocaine after a search of his home disclosed powder and crack cocaine, firearms, and a substantial sum of cash. Collins has never asserted he is factually innocent of committing any of the offenses.

There is no absolute right to withdraw a guilty plea. Instead, a district court can allow a defendant to withdraw a guilty plea "[i]f a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed . . . [and] the defendant shows any fair and just reason." Fed. R. Crim. P. § 32(e). The defendant has the burden of establishing there is a fair and just reason for allowing withdrawal of his guilty plea. United States v. Gordon, 4 F.3d 1567, 1572 (10th Cir. 1993). In evaluating whether it would be "fair and just" to allow withdrawal of a guilty plea, we consider (1) whether defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether defendant has delayed filing his motion; (4) whether the court will be inconvenienced if the motion is granted; (5) the quality of defendant's assistance of counsel during plea proceedings; (6) whether the plea was knowing and voluntary; and (7) whether allowing withdrawal would be a waste of judicial resources. United States v. Hickok, 907 F.2d 983, 985 n.2 (10th Cir. 1990).

Essentially, Collins moved to withdraw his plea because he was dissatisfied with the length of his sentence. He asserts he would have received a lesser sentence or would have been found innocent if he had proceeded to trial. "[D]issatisfaction with the length of a sentence is an insufficient reason to withdraw a plea." Gordon, 4 F.3d at 1573; see also United States v. Elias, 937 F.2d 1514, 1520-21 (10th Cir. 1991). As the district court noted, there is no indication the plea agreement wherein the government agreed to recommend imprisonment for nine years was anything but extremely advantageous for

Collins, who faced a sentence of thirty years to life imprisonment if he was tried and found guilty.

The district court carefully considered the seven factors set forth in Hickok before denying Collins' second motion to withdraw his plea. The court found Collins had never asserted he was innocent of the charges which were the subject of the plea. With regard to counsel's abilities, the court referred to Collins' counsel as "an exceptionally competent and skilled trial attorney." Record V at 13. The court also discussed at length the "extreme prejudice" Collins would suffer by going to trial. Under these circumstances, the court did not abuse its discretion by denying Collins' motion to withdraw his guilty plea.

Collins also argues he received ineffective assistance of counsel during plea negotiations and that he was coerced into entering an involuntary guilty plea, but asks this court to defer ruling on the issues. He states he is preserving the issues for proper presentation in a 28 U.S.C. § 2255 proceeding. As a general rule, we do not review claims of ineffective assistance of counsel on direct appeal. See United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc).

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge