UNITED STATES of America,
Plaintiff–Appellee,

v.

Stanley L. WADE, Defendant–Appellant.

No. 90–4093.

United States Court of Appeals,
Tenth Circuit.

Aug. 5, 1991.

William A. Cohan, Cohan & Greene, Encinitas, Cal. (Jennifer A. Greene, of the same firm, with him on the brief), for defendant-appellant.

Richard D. Parry, Asst. U.S. Atty., Salt Lake City, Utah (Dee Benson, U.S. Atty., with him on the brief), for plaintiff-appellee.

Before McKAY and SETH, Circuit Judges, and BROWN, Senior District Judge.[*]

WESLEY E. BROWN, Senior District Judge.

Defendant-appellant Stanley Wade pled guilty to two counts of making false statements on tax returns in violation of 26 U.S.C. § 7206(1) and 18 U.S.C. § 2. Immediately prior to sentencing on these two counts, the defendant's attorney filed a motion to withdraw the guilty plea. The district court denied the motion and sentenced the defendant to two years of incarceration and a five year term of probation. Appellant now contends that the district court erred in denying the motion to withdraw the plea and in finding that there was a sufficient factual basis for the plea. For the reasons set forth herein, we affirm.

The defendant and his wife were charged by indictment with two counts of making false statements on tax returns. The indictment alleged that the defendant understated the gross receipts from his apart-

der 28 U.S.C. § 1927 and the Inherent Powers of the Court at 2.

[*] The Honorable Wesley E. Brown, United States Senior District Judge for the District of Kansas, sitting by designation.

ment rental business by approximately $300,000 for each of the taxable years 1982 and 1983. Although not separately charged, the government also contended that the defendant falsified a receipt that he provided to the government in the course of an investigation of the Wade's tax liability. The defendant testified in the grand jury proceeding that the writing on the receipt in question was not his or his wife's. He subsequently submitted two handwriting exemplars to the U.S. Attorney. On July 27, 1989, the grand jury returned a superseding indictment charging the defendant with four additional counts: falsifying receipts, lying to the grand jury, and obstructing justice by submitting two false handwriting exemplars.

The superseding indictment created a potential conflict for the defendant's attorney, Paul Schwenke, because he was likely to be called as a witness on the new counts in the indictment. Mr. Schwenke therefore withdrew from the case and attorney Fred Metos was subsequently retained to represent the defendant. Mr. Metos secured a promise from the U.S. Attorney that the government would dismiss the four new counts in the superseding indictment in exchange for the defendant's plea of guilty on the two counts charging false statements in the 1982 and 1983 returns.

On March 8, 1990, the defendant appeared in court with Mr. Metos, who indicated that the defendant intended to plead guilty to Counts One and Two of the superseding indictment. The district court held a hearing pursuant to Fed.R.Crim.P. 11 during which the court discussed with the defendant the nature of the charges, the rights afforded the defendant, and the basis for the plea. The district court found that the plea was voluntary and that there was a sufficient factual basis for it. Consistent with the plea agreement, Counts Three through Six of the superseding indictment were dismissed. The court accepted the defendant's guilty plea on Counts One and Two and set sentencing for May 11, 1990. The sentencing was subsequently continued to June 5, 1990, at the defendant's request.

On June 5, 1990, Mr. Metos, Mr. Schwenke, and the defendant appeared at the sentencing hearing. Mr. Metos made a motion for a continuance. The government opposed the motion, noting that the case had already been continued at least five times. Mr. Schwenke, who had custody of the defendant's records, said that he had not been told until late May that sentencing was set for June 5. At that time Mr. Schwenke delivered the records to an accountant, but the accountant needed at least four weeks to evaluate them. The district court expressed some dismay that the defense was not prepared for sentencing and expressed concern that Mr. Wade was not cooperating in the presentence investigation. Mr. Metos conceded that the defendant had delayed somewhat in contacting the probation office.

The district court granted a continuance until June 11, 1990, to allow the defense time to gather the financial information it wanted to present. The court ordered the defendant to be placed in a halfway house in the interim, however, in order to insure that he was available to cooperate on the case. At the time of this hearing, neither Mr. Metos, Mr. Schwenke, nor the defendant gave any indication that the defendant wanted to withdraw his guilty plea. On June 11, 1990, the morning of the sentencing, Mr. Schwenke entered his appearance in the case and filed a motion to withdraw the guilty plea. After hearing Mr. Schwenke's argument and the government's objection, the district court summarily denied the motion.

■ Appellant's first argument is that the district court erred in denying his motion to withdraw the guilty plea. The applicable standard of review is well established: a district court's denial of a motion to withdraw a plea of guilty is reviewed only for an abuse of discretion. *United States v. Rhodes*, 913 F.2d 839, 845 (10th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1079, 112 L.Ed.2d 1184 (1991). Rule 32(d) of the Federal Rules of Criminal Procedure states that if such a motion is made before sentencing, a district court "may permit withdrawal of the plea upon a show-

ing by the defendant of any fair and just reason." *Id.* Although motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, "still the decision thereon is within the sound discretion of the trial court. [cite omitted] Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion.... It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion." *United States v. Hickok,* 907 F.2d 983, 986 (10th Cir.1990) (*citing Barker v. United States,* 579 F.2d 1219, 1223 (10th Cir.1978)). The burden of demonstrating a fair and just reason for the withdrawal of the plea is on the defendant.

■ Appellant contends that the motion should have been granted because he did not understand the nature of the charge to which he pled guilty and because Mr. Metos misrepresented the penalty he would receive for pleading guilty. A thorough review of the record shows that these claims are unwarranted. In order to insure that a plea is knowing and voluntary, Rule 11 requires a district court to address the defendant and determine that he understands a number of facts before entering a plea of guilty. The record here shows that the district court followed the requirements of Rule 11 by discussing with the defendant, among other things: the nature of the charges (Tr.Supp. Vol. VI at 7–9, 13–20, 22–27); the maximum possible penalty provided by law (*id.* at 9–10); the right to a jury trial and to be judged by a jury of peers (*id.* 8, 10); the right to be free from compelled self-incrimination and to have the government prove all the elements of the offense beyond a reasonable doubt, including the element that the return was made willfully and that the defendant did not believe the statement with respect to gross rental was true and that he knew that the correct figures should have been reported on the return (*id.* at 8–9, 11–13); and the right to maintain his plea of not guilty if he did not believe the charge against him (*id.* at 23).

Mr. Metos told the court at the Rule 11 hearing that he had discussed the possible defenses and penalties with the defendant—including the fact that Counts Three through Six of the indictment fell under the Sentencing Guidelines—and that those factors had weighed in Mr. Wade's decision to plead guilty. Mr. Wade indicated to the court that he understood the nature of the charges against him and that he was acting voluntarily in entering a plea of guilty. He also indicated during subsequent questioning, however, that he did not willfully put a false statement on his tax return, explaining that he had deducted from his gross receipts all of his expenses before submitting his income figures to an accountant and that the accountant unwittingly made the same deductions. Tr.Supp. Vol. VI at 15–16. When Mr. Wade indicated that he didn't know the figure on his return was false, the court stated: "Well if you didn't know that and if you want a trial, you've got it. I'm not going to accept your plea because unless you tell me that you knew that was a false figure, you ought to be telling that to a jury. If you honestly—if there was a mistake of some kind, if what you did was just have some kind of mistake, that's you're right to have a jury trial." *Id.* at 15. Mr. Wade then said that although he "did not review the tax return or ... really didn't know how to review the tax return," he admitted that he was guilty because he had signed the return containing "double deductions." The district court explained in detail the nature of the charge: "Well, the thing that you're being charged with Mr. Wade, and you better be clear on this, isn't double deductions. It isn't that you didn't pay your taxes, it's that you put a false and fraudulent statement that you knew was false and fraudulent on the face of your return.... That's what the government will attempt to prove before a jury and that's what I must know whether you're willing to admit to now." *Id.* During a further discussion, Mr. Wade conceded that the figure that he gave the accountant was a false figure. *Id.* at 17. The district court again explained: "And if that was a false figure and you knew it was, I'll accept your plea of guilty. If it

wasn't, I think you better have a trial." *Id.* Mr. Wade also conceded that he understood the difference between gross and net income and that he had no evidence to contravene the government's evidence of guilt. *Id.* at 18–20. The charge was then read to the defendant and he was asked to enter a plea. Mr. Wade asked if he could explain his plea. The court again explained that "[i]f you have a reservation and don't believe that the charge—that you're guilty of the charge, you should maintain your plea of not guilty to it." *Id.* at 23. The court then granted a recess so the defendant could discuss the matter with his attorney. After the recess, Mr. Metos indicated that the defendant understood the charge and that he wanted to plead guilty to it. The charges were read to the defendant, including the following allegations:

> On or about April 15th, 1983, ... Stanley L. Wade ... did willfully make and subscribe a United States Individual Income Tax return, Form 1040 for himself for the taxable year 1982, which return was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, and which return Stanley L. Wade did not believe to be true and correct as to every material matter in that said return failed to disclose substantial gross rental receipts and interest income earned by Stanley L. Wade in his apartment rental business activity; whereas and as Stanley L. Wade then and there well knew and believed said gross receipts and interest income should have been reported on the return, all in violation of Title 26, United States Code, Section 7206(1) and Title 18, United States Code, Section 2.

*Id.* at 26. The defendant stated "guilty" when asked whether he pled guilty or not guilty to the charges. *Id.* at 26–27.

Appellant has not shown that the district court abused its discretion in denying the motion to withdraw the plea. The district court clearly had a basis for concluding that the plea was made voluntarily. The record of the Rule 11 hearing supports the conclusion that the defendant understood the charges against him. The court repeatedly emphasized the nature of the charges at the Rule 11 hearing. Tr.Supp. Vol. VI at 8–9. Unlike *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the district court here personally addressed the defendant as required by Rule 11 to insure that he understood the charges against him. *Cf. United States v. Elias*, 1991 WL 115459, 1991 U.S. App. LEXIS 13901 (10th Cir., July 2, 1991) ("A court may satisfy Rule 11 and constitutional standards by explaining in plain terms the nature of the charges.") There is nothing in the record to indicate that Mr. Wade was unable to fully understand the court's explanations. Mr. Wade was an experienced businessman who had been in the apartment rental business for over twenty years. He had attended college. He and his wife managed a concern that grossed over one million dollars per year. After explaining that the indictment charged that Mr. Wade knew the gross income was false when the return was signed, the court granted a recess to allow the defendant to confer further with his attorney before entering a plea. After the recess the charge was read to the defendant, including the allegation that he willfully verified a return that he did not believe to be true and correct in that he failed to disclose all of his gross income when he knew it should have been reported. At that point Mr. Wade stated "guilty" when asked to plead to the charge. This statement, made with an understanding of the nature of the charges and the consequences of pleading guilty, was a voluntary admission of all of the allegations in the indictment.

The record also belies Mr. Wade's assertion that he was misled as to the possible penalty for the offense. The defendant was clearly informed prior to pleading guilty that each count carried a maximum possible penalty of three years imprisonment and that sentencing was a matter entirely up to the judge. The defendant represented to the judge at the time of the plea that he understood this and that no one had promised that he would get probation if he pled guilty. Tr.Supp. Vol. VI

5–10. He also indicated that no other promises of any kind had been made other than what was set forth in the plea agreement.

Appellant next contends that the district court erred in finding that a factual basis existed for the guilty plea. He argues that the district court did not fulfill its obligation under Rule 11(f), which provides that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." Appellant cites *United States v. Keiswetter*, 860 F.2d 992 (10th Cir.1988), *modified in part on reh'g en banc*, 866 F.2d 1301 (10th Cir. 1989), in support of his argument that there was no factual basis to show an intent to commit the offense charged.[1] Notwithstanding Mr. Wade's initial protestations at the Rule 11 hearing, he conferred with his attorney, was addressed by the court, and admitted his guilt to the charges—including the allegation that he knowingly certified false statements on the returns. The undisputed facts surrounding the offense here were sufficient to allow the court to conclude that a factual basis existed for the plea.

The remainder of the record also shows that the district court did not abuse its discretion. The government informed the court at the second sentencing hearing that it would incur prejudice in the form of lost evidence if the defendant were allowed to withdraw his plea at that late date. The record shows that the withdrawal of the plea would have caused a further delay in a case already continued numerous times at the defendant's request. The defendant waited until the last minute to attempt to withdraw the plea, resulting in a substantial waste of judicial resources. The motion was brought by Mr. Schwenke, who had previously withdrawn as defendant's counsel because of a potential conflict of interest, after the district court indicated at the first sentencing hearing that Mr. Wade was going to spend time in prison for the

convictions. *Cf. United States v. Hickok*, 907 F.2d 983, 986 (10th Cir.1990) (A defendant's change of heart, without more, does not require withdrawal of plea).

The judgment of the district court is AFFIRMED.

---

1. Appellant states that "[a]n *Alford* plea was not at issue in the case at bar." Appellant's Br. at 30, n. 43.