999 F.2d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph M. BENNETT, Defendant-Appellant.
 No. 92-1161.
 United States Court of Appeals, Tenth Circuit.
 July 8, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Joseph Bennett appeals from district court orders denying his motions to withdraw his guilty plea and to receive appointed counsel. We exercise jurisdiction over the first appeal under 28 U.S.C. § 1291 and affirm, but dismiss Bennett's appeal from denial of the second motion for lack of jurisdiction.
 
 
 3
 Bennett pleaded guilty to one count of conspiracy to commit kidnapping in violation of 18 U.S.C. §§ 371 and 1201(a). Four days later he moved to withdraw his plea, alleging that the government had breached the plea agreement by failing to assist the appropriate state authorities in their investigations of possible child abuse of the kidnapping victim by her mother and stepfather. The district court denied the motion after holding a change of plea hearing and denied an oral motion to reconsider that was raised at the sentencing hearing. Bennett now appeals these judgments, arguing that the government breached the plea agreement when it made statements to a third party which belittled his concerns of child abuse and were "in conflict with the essence of the agreement."
 
 
 4
 We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. United States v. Wade, 940 F.2d 1375, 1376 (10th Cir.1991). Unless the defendant can show that the district court acted unjustly or unfairly in denying his motion, there is no abuse of discretion. Id. at 1377. We have reviewed the appellate record and find no abuse of discretion. The record establishes that the government complied with the relevant terms of the plea agreement by sending several documents, including transcripts and investigative reports, to the appropriate state authorities which have jurisdiction to investigate allegations of child abuse. The governments's alleged statements to a disinterested third party do not evidence interference with the states' investigations of child abuse, nor do they undermine the cooperation and assistance the government provided pursuant to the plea agreement.
 
 
 5
 Bennett next argues that the district court erred in denying his motion for court-appointed counsel pursuant to 18 U.S.C. § 3006A. Federal Rule of Appellate Procedure 4(b) requires a notice of appeal in a criminal proceeding to be filed within ten days after the order appealed from is entered. The timely filing of a notice of appeal is "an essential prerequisite to appellate jurisdiction." Turnball v. Wilcken, 893 F.2d 256, 258 (10th Cir.1990).
 
 
 6
 In this case, the district court order denying Bennett's "Motion For Reconsideration of Court's Finding That Defendant Is Not Indigent" was filed on August 31, 1992. Bennett, who was represented by counsel until October 9, 1992, never filed a notice of appeal from that order. He did file one pro se motion before this court seeking an order declaring that he was eligible for appointment of counsel, but the motion was not filed until November 20, 1992. Therefore, even if we were to treat it as a notice of appeal, see Smith v. Barry, 112 S.Ct. 678, 682 (1992), it would be untimely. Because Bennett failed to file a timely notice of appeal from the order denying his motion, we must dismiss the appeal for lack of jurisdiction.
 
 
 7
 We DISMISS Bennett's appeal from the district court's refusal to appoint counsel for lack of jurisdiction and otherwise AFFIRM. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3