9 F.3d 1557
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Milton Gene LEE, aka Joey Nathan Maloy, Defendant-Appellant.
 No. 93-3039.
 United States Court of Appeals, Tenth Circuit.
 Nov. 8, 1993.
 
 Before SEYMOUR, BARRETT and ANDERSON, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Milton Gene Lee appeals from the judgment entered on his plea of guilty to a two-count indictment charging him and co-defendants Willie Lee Randel, W. C. Thompson, and Ivy Simmons Gillespie with knowingly, willfully and unlawfully conspiring with intent to distribute cocaine and knowingly and intentionally possessing with the intent to distribute cocaine, in violation 21 U.S.C. 846 and 21 U.S.C. 841(a)(1).
 
 
 3
 On June 25, 1992, Lee entered into an oral plea agreement under which he agreed to plead guilty in exchange for the government's agreement not to file a 21 U.S.C. 851 prior conviction information against him. Notwithstanding the agreement, the government subsequently filed a 851 information setting forth Lee's prior conviction which the government relied upon to seek an enhanced sentence.
 
 
 4
 On the day of the trial, Lee responded to the government's 851 information and moved for enforcement of the June 25, 1992, plea agreement. In answer, the government disputed that a binding offer of plea was ever made. The government argued that any action taken on June 25, 1992, was simply part of ongoing negotiations, that it had withdrawn the plea agreement offer well before Lee tried to accept it, and that the acceptance or rejection of any plea agreement rests within the sound discretion of the United States Attorney.
 
 
 5
 The district court rejected the government's arguments and entered an order granting Lee's motion for enforcement of the plea agreement. The court also denied the government's motion to reconsider. Lee then formally accepted the plea agreement and entered a plea of guilty.
 
 
 6
 On August 27, 1992, the district court entered an order stating that it was reconsidering its decision to enforce the plea agreement. The court's "order indicated that on the basis of Mabry v. Johnson, 467 U.S. 504 (1984) and U.S. v. Papaleo, 853 F.2d 16 (1st Cir.1988), it appeared that the government was entitled to withdraw the plea bargaining proposal prior to defendants pleading guilty or taking other significant action in reliance on the offer." (R., Vol. One, Tab 183 at 3).
 
 
 7
 On September 11, 1992, the district court entered an order vacating its order enforcing the plea agreement. Lee's subsequent motion to withdraw his guilty plea was denied by the court and he was sentenced on February 5, 1993.
 
 
 8
 On appeal, Lee contends that the district court erred in denying his motion to withdraw his guilty plea. He argues that a timely motion to withdraw a guilty plea made before sentencing is to be freely allowed and treated with liberality. Lee further argues that the denial of his motion to withdraw the plea was fundamentally unfair when, as here, the district court, after reversing itself on the enforceability of the plea agreement, declined to do "the only fair thing [it] could do [which] was [to] put the parties in the position they were before the plea was entered." (Brief of Appellant at 7).
 
 
 9
 The government responds that the district court did not err in denying Lee's motion to withdraw plea since it faced substantial witness problems if Lee had been allowed to withdraw his plea. The government argues that one of its witnesses, an unindicted juvenile co-conspirator who had been granted immunity, "had returned to Houston: parts unknown." (Brief of Appellee at 15.). The government also argues that another witness, "whose testimony placed [Lee] at the deliveries of substantial quantities of crack cocaine with co-conspirator Thompson, no longer had any incentive to testify, if he would testify at all." Id.
 
 
 10
 A district court's denial of a motion to withdraw a guilty plea is reviewed only for an abuse of discretion. United States v. Burger, 964 F.2d 1065 (10th Cir.1992); United States v. Wade, 940 F.2d 1375 (10th Cir.1991); United States v. Elias, 937 F.2d 1514 (10th Cir.1991). "One who enters a guilty plea has no right to withdraw it." United States v. Hickok, 907 F.2d 983, 985 (10th Cir.1990) (quoting, Barker v. United States, 579 F.2d 1219, 1223 (10th Cir.1978)). However, "a district court may permit withdrawal of a plea prior to sentencing 'upon a showing by the defendant of any fair and just reason.' Fed.R.Crim.P. 32(d)." Burger at 1071.
 
 
 11
 In United States v. Rhodes, 913 F.2d 839, 945 (10th Cir.1990), cert. denied, 498 U.S. 1122 (1991), we set forth seven factors to be considered when applying the "fair and just reason" standard:
 
 
 12
 These factors are as follows: (1) whether defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to defendant; (6) whether plea was knowing and voluntary; (7) whether the withdrawal would waste judicial resources.
 
 
 13
 Here, the district court carefully considered and applied Rhodes in finding that Lee had failed to show a fair and just reason for withdrawing his guilty plea. In so doing, the court found that: Lee had not asserted his innocence in his motion to withdraw or during the hearing on the motion to withdraw; if Lee had been allowed to withdraw his plea of guilty and the government had been forced to try the case it might be difficult for the government to obtain the testimony it anticipated from two important witnesses; if the plea had been withdrawn and Lee had been tried, the court would once again have had to call a large number of jurors and issue subpoenas for the production of witnesses, causing substantial inconvenience to the court; Lee did not raise a material issue as to the knowing and voluntary nature of his plea; and allowing Lee to withdraw his plea and proceed to trial would be a waste of judicial resources.
 
 
 14
 We have reviewed the record on appeal and hold that the district court's denial of Lee's motion to withdraw plea did not give rise to an abuse of discretion.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3