UNITED STATES of America, Plaintiff,

v.

Spencer JONES, Defendant.

No. 97–20005–01–DES.

United States District Court,
D. Kansas.

Jan. 7, 1998.

Michael L. Harris, Office of Federal Public Defender, Kansas City, MO, Catherine A. Donnelly, Gregory W. Vleisides, Vleisides, Donnelly & O'Leary, Ray E. Sousley, Ross, Eufinger & Sousley, Kansas City, MO, Kimberley K. Kellogg, Kansas City, MO, Peter J. Koppe, Kansas City, MO, for defendant.

Kim Martin Fowler, Office of United States Attorney, Kansas City, KS, for U.S.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's Motion to Withdraw Guilty Plea (Doc. 95).

Rule 32(e) of the Federal Rules of Criminal Procedure provides that a district court may allow a defendant to withdraw his or her guilty plea before sentencing "upon a showing ... of any fair and just reason." Fed.R.Crim.P. 32(e). The burden of demonstrating a fair and just reason rests with the defendant, based on the following considerations: (1) defendant's assertion of innocence; (2) resulting prejudice to the government; (3) defendant's delay in filing the withdrawal motion; (4) inconvenience to the court; (5) defendant's assistance of counsel; (6) knowledge and voluntariness of the plea; and (7) resulting waste of judicial resources. *United States v. Gordon,* 4 F.3d 1567, 1572 (10th Cir.1993).

The essence of defendant's argument appears to be that ineffective assistance of counsel caused his guilty plea to be involuntary and unknowing. In *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) the Supreme Court set forth the standard for establishing that ineffective assistance of counsel resulted in an involuntary plea: "Where ... a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Id.* at 56 (quoting *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)). Jones argues that his counsel was ineffective because he did not adequately prepare for trial, but instead urged Jones to plead guilty. The court disagrees. In light of the government's evidentiary proffer, particularly the audio tape of Jones's involvement in the transaction, counsel's advice was clearly within the range of competence demanded of attorneys in criminal cases. The defendant's argument, therefore, does not establish ineffective assistance of counsel rendering his guilty plea involuntary.

The court also notes that at Jones's change of plea hearing, the court carefully explained to Jones the implications of his entering a guilty plea. At that time, the court reviewed with Jones in open court the terms of his plea agreement with the government. Jones indicated that he understood the terms of the plea agreement. He also indicated that no one had made any other or different promise of agreement regarding his plea. Before accepting Jones's plea, the court carefully reviewed all the rights that he was waiving by entering his plea of guilty. The court also asked Jones if there was any reason why his guilty plea should not be accepted, and Jones replied that there were none. In short, there is no indication that Jones's guilty plea was not knowing and voluntary. *See, e.g., United States v. Wade,* 940 F.2d 1375, 1378 (10th Cir.1991) (affirming district court's denial of motion to withdraw because plea was knowing and voluntary).

In light of the factors set forth by the Tenth Circuit in *Gordon,* the court concludes that the defendant has not met his burden of establishing a fair and just reason for allowing the withdrawal of his guilty plea.

IT IS THEREFORE BY THE COURT ORDERED that defendant's Motion to Withdraw Guilty Plea (Doc. 95) is denied.