**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 23 2001**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

OLVIN ALFARO-BONILLA, also
known as Enrique Davila, also known
as Edwin Javier Chicas, also known as
Enrique Chivas, also known as
Enrique Suarez-Davila, also known as
Olpen Chicas-Alfaro, also known as
Melvin Alfaro,

     Defendant-Appellant.

No. 00-1195
(D.C. No. 99-CR-185-1-D)
(Colorado)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, **EBEL**, and **BRISCOE**, Circuit Judges.

---

Olvin Alfaro-Bonilla appeals his conviction and sentence for reentering the

United States following his removal by deportation in 1998. He asserts the

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

district court abused its discretion by refusing to allow him to withdraw his guilty plea and erred in refusing to reduce his sentence by three levels for acceptance of responsibility.[1]  For the reasons stated below, we affirm.

Rule 32(e) of the Federal Rules of Criminal Procedure allows the district court to grant a defendant's motion to withdraw his guilty plea if the motion is filed before sentencing and the defendant can demonstrate "any fair and just reason" why the motion should be granted.  Fed.R.Crim.P. 32(e).  The burden of proof in making such a motion is squarely on the defendant.  *United States v. Black*, 201 F.3d 1296, 1299 (10th Cir. 2000).  In assessing whether a defendant has met this burden, a court must consider the following factors: "(1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources."  *United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993).  The decision to allow withdrawal of a plea is solidly within the province of the district court and we review that decision only for an abuse of

---

[1] Mr. Alfaro-Bonilla informs us he wishes to preserve an unspecified ineffectiveness of counsel claim "for proper presentation in a proceeding pursuant to 28 U.S.C. § 2255." Br. for Aplt. at 9.  As we have previously held, any ineffectiveness claim requiring the development of a record may only be brought in a collateral proceeding.  *See United States v. Galloway*, 56 F.3d 1239, 1240-41 (10th Cir. 1995) (en banc).

discretion.  *Id.* at 1572-73 (citing *United States v. Wade*, 940 F.2d 1375, 1377 (10th Cir. 1991)).

Mr. Alfaro-Bonilla contends the district court should have permitted him to withdraw his guilty plea because he believed he was pleading guilty to illegal *entry* into the United States instead of illegal *re-entry*, and because he did not receive a copy of the Spanish translation of the plea agreement until after he had pled guilty.  As to the first point, the district court stated expressly that it did not believe Mr. Alfaro-Bonilla when he asserted the translator had mistranslated "re-entry" as "entry" into the United States.  "The Court finds Defendant is not credible; he previously admitted to telling lies . . . .  The charge was clearly read to him, explained to him, and he confirmed his understanding of the charge several times."  Rec., vol. I, doc. 48 at 3.  The transcript of the motion hearing is indeed replete with contradictions and inconsistencies asserted by Mr. Alfaro-Bonilla.

Mr. Alfaro-Bonilla's contention that he was not timely provided with a written translation of the plea agreement is belied by the record.  The transcript of the change-of-plea hearing indicates that Mr. Alfaro-Bonilla was in fact provided with – and signed – a Spanish copy of the plea agreement at that hearing, and the court specifically questioned Mr. Alfaro-Bonilla as to that copy.

In any event, whether Mr. Alfaro-Bonilla misunderstood "re-entry" as

"entry" is irrelevant in the context of the law under which he was indicted.

Although the title of 8 U.S.C. § 1326 is "Reentry of removed aliens," the language of the section is unambiguous:

> (a) In general
>  Subject to subsection (b) of this section, any alien who--
>  (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
>  (2) *enters, attempts to enter, or is at any time found in,* the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act, shall be fined under Title 18, or imprisoned not more than 2 years, or both.

8 U.S.C. § 1326 (emphasis added). Mr. Alfaro-Bonilla has never disputed that he "enter[ed], attempt[ed] to enter, or [was] at any time found in, the United States" after having been previously deported. *See* Br. for Aplt. at 5 ("The parties agree that the government's evidence would show that . . . the Defendant was deported to Mexico . . . pursuant to an immigration proceeding . . . [and that] the Defendant was found in . . . Colorado, subsequent to the 1998 conviction and the 1998 deportation."). Given that Mr. Alfaro-Bonilla does not contend he is innocent of the crime with which he is charged, the district court did not abuse its discretion in denying his motion to withdraw his guilty plea.

Mr. Alfaro-Bonilla next contends the district court erred in refusing to

grant him a three-level downward adjustment in his sentence for accepting responsibility for the crime. We "'give due deference to the district court's application of the guidelines to the facts' while reviewing the application fully for errors of law." *United States v. Dahlman*, 13 F.3d 1391, 1398 (10th Cir. 1993) (citations omitted); *see also* U.S.S.G. §3E1.1, cmt. 5 ("The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility . . . [and] is entitled to great deference on review"). "The issue of acceptance of responsibility for purposes of downgrading the sentence under the Guidelines is a question of fact," and we will thus disturb a district court's rulings in this regard only if "clearly erroneous." *Dahlman*, 13 F.3d at 1398.

On appeal, Mr. Alfaro-Bonilla argues only that he "at no time denied that he was in the United States illegally." Br. for Aplt. at 8. The district court found no evidence that Mr. Alfaro-Bonilla accepted responsibility for his crime; indeed, the court found the opposite. The court held that "no adjustment for acceptance of responsibility [will be given] because of the defendant's conduct subsequent to the change of plea hearing." Rec., vol. V at 24-25. That conduct included "refusal to cooperate with [the] probation officer" and refusing "to acknowledge those things that he willingly and voluntarily acknowledged previously on this record." *Id.* We can find no clear error in the district court's factual findings, and we therefore affirm.

The decision of the district court is **AFFIRMED**.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge