F I L E D
**United States Court of Appeals
Tenth Circuit**

**NOV 26 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GERALD EUGENE SMITH,

    Defendant-Appellant.

No. 04-1103
(D.C. No. 98-CR-434-N)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **LUCERO** , and **O'BRIEN** , Circuit Judges.

In this direct criminal appeal, Gerald Smith, appearing pro se, appeals the

district court's re-imposition, after Smith's motion for reconsideration, of a 130-

month sentence of imprisonment for bank robbery. On appeal Smith argues that

the district court abused its discretion by sentencing him to the very same period

of incarceration as it had previously imposed. The government argues that, under

---

    * The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

18 U.S.C. § 3742, we lack jurisdiction to consider the district court's imposition of a sentence within the correct adjusted guideline range; we agree and **DISMISS** this aspect of the appeal. Smith also alleges that the district court abused its discretion by not adequately considering his financial resources or needs and the needs of his dependants, by requiring him to pay the restitution immediately, and by not addressing the victim banks' entitlement to insurance compensation in determining the amount of restitution. We **DISMISS** this portion of his appeal as untimely and waived for failure to raise it in the district court proceedings. Smith has filed a motion to proceed in forma pauperis on appeal; that motion is granted.

In February 1999, Smith pled guilty in federal district court to three counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d), and one count of possession or use of a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1) and (2). As a result, Smith was sentenced to 130 months imprisonment – 70 months imprisonment for counts 1-3 and a consecutive 60-month mandatory minimum imprisonment for the § 924 violation. Final judgment was entered on May 25, 1999. Smith did not appeal that judgment.

Almost three years later in January 2001, Smith filed a motion to modify the terms of his imprisonment pursuant to 18 U.S.C. § 3582(c)(2). In this motion, Smith argued that: (1) his sentence reflected enhancements for his use of

firearms during the robberies, as well as his separate conviction for use of a firearm during these crimes of violence; (2) that a recent amendment to the U.S. Sentencing Guidelines changed this practice, rendering such "double counting" no longer permissible; and (3) when a sentencing range has been lowered, § 3582(c)(2) permits a defendant to move the district court for a sentence reduction. This motion did not challenge or raise any arguments concerning his restitution order.

On February 18, 2004, the district court amended its sentencing memorandum to reflect guideline Amendment 599 providing that if a sentence for a violation of 18 U.S.C. § 924(c) (for using or carrying a firearm during a crime of violence) "is imposed in addition to a sentence for an underlying offense, then the specific offense characteristic for possession, brandishing, use, or discharge" of a firearm should not apply to the underlying offense. U.S.S.G. § 2K2.4, cmt. n.4 (2004). Concluding that Amendment 599 required that Smith's original guideline calculation be amended, the district court proceeded to do so.

In the original calculation of Smith's sentence, the court made an upward adjustment of five levels for the armed bank robbery charged in Count 3 based on the fact that Smith brandished a .380 caliber revolver during this bank robbery. The guideline range in this original sentencing decision was 70 to 87 months based on Smith's criminal history level. Smith was sentenced to 70 months of

imprisonment, the low end of the guideline range, plus a consecutive mandatory minimum 60-month imprisonment sentence for his § 924(c) conviction, for a total sentence of 130 months, with five years of supervised release.

In its amended decision, the district court concluded that because Smith had also pled guilty to using a firearm during the third bank robbery in violation of § 924(c), the five-point adjustment for brandishing a gun during the third armed bank robbery would not have been made under Amendment 599. It determined that § 3582(c)(2) would authorize a reduction in defendant's term of imprisonment in these circumstances. Section 3582(c)(2) provides that if a defendant's sentencing range is subsequently lowered by the Sentencing Commission "upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court _may_ reduce the term of imprisonment, after considering the factors set forth in section 3553(a). . . ." § 3582(c)(2) (emphasis added).

After recalculating Smith's guideline range, the court determined that the permissible sentencing range was 63-78 months for counts 1-3. The court found that Smith's original sentence of 130 months' imprisonment (70 months on Counts 1-3 and a consecutive mandatory minimum term of 60 months on Count 4, the § 924(c) conviction) remained within the amended applicable guideline range and continued to be the appropriate sentence under 18 U.S.C. § 3553(a). It

specifically declined to reduce the terms of imprisonment. The only changes made to the judgment concerned Smith's guideline range.

Smith now appeals the district court's decision on his sentence, claiming that because "Appellant was sentenced to the LOW-END of the **ILLEGAL** sentencing range, therefore, Appellant should be resentenced to the LOW-End of the newly adjusted sentencing range also." (Appellant's Br. at 5.) Even construing his pro se petition liberally under Cummings v. Evans, 161 F.3d 610, 613 (10th Cir. 1998), Smith does not challenge that the amended applicable guideline range for Counts 1-3 was incorrect, but rather contends that he was entitled to a sentence at the low end of that range, at 63 months.

The United States asserts that this court lacks jurisdiction over Smith's appeal of his sentence length. "A defendant's right to appeal a sentence imposed by a federal court is governed by § 3742(a)." United States v. Garcia, 919 F.2d 1478, 1479 (10th Cir. 1990). Under § 3742(a), this court has jurisdiction to review a sentence that is: "(1) imposed in violation of law; (2) imposed as a result of an incorrect application of the sentencing guidelines; (3) imposed as a result of the granting of a motion for upward departure, or (4) imposed for an offense for which there is no sentencing guideline and [which] is plainly unreasonable." United States v. Sarracino, 340 F.3d 1148, 1180 (10th Cir. 2003) (internal quotations omitted) (citing § 3742(a)). If the challenged sentence does

not fall into one of these categories, this court lacks jurisdiction to review it. Sarracino , 340 F.3d at 1180; Garcia , 919 F.2d at 1481.

As Smith does not contest that the guideline range of 63-78 months is correct for Counts 1-3, and raises no issue on the mandatory minimum of 60 months for the § 924 offense, we have no jurisdiction to consider what is, in effect, an appeal of the court's decision to impose a sentence within the proper sentencing range. Our case law is clear that absent facial illegality, improper calculations, or clearly erroneous factual findings, we lack jurisdiction to review a district court's decision to impose a sentence at a particular point within the proper sentencing range. See United States v. Neary , 183 F.3d 1196, 1198 (10th Cir. 1999). Because we conclude that we lack jurisdiction over this portion of Smith's appeal , we need not reach the merits of the district court's action on Smith's resentencing. Accordingly, we **DISMISS** this portion of the appeal.

Smith next asserts that the district court abused its discretion by ordering him to pay restitution immediately, and by failing to address whether the victim banks received any compensation from their insurers for the money lost in the robberies. His complaint also arguably includes a request for the modification of his restitution schedule.

"Federal Rule of Appellate Procedure 4(b) requires a notice of appeal in a criminal proceeding to be filed within ten days after the order appealed from is

entered. The timely filing of a notice of appeal is 'an essential prerequisite to appellate jurisdiction.'" United States v. Bennett, 999 F.2d 548 (10th Cir. 1993) (citation omitted). Additionally, a federal appellate court does not generally consider an issue not passed upon below. In re Walker, 959 F.2d 894, 896 (10th Cir. 1992) (citing Singleton v. Wulff, 428 U.S. 106 (1976)).

Smith did not directly appeal his original judgment of conviction in May 1999, and no subsequent motions challenged or raised any arguments on the restitution portion of the judgment. Although the district court filed an amended judgment on March 16, 2004, the only changes in the judgment concerned Smith's guideline range; the restitution aspect of the judgement remained unchanged. Smith's subsequent motions did not alter the finality of the original judgment of conviction.

By including the restitution issues in his brief, Smith is now attempting to challenge the restitution order for the first time on appeal. Because Smith did not address this argument to the district court below and because he failed to file a timely notice of appeal to his original judgment, we lack jurisdiction to consider these claims.

We note that to the extent Smith's claims of financial hardship and his request that we order installment payments of $50 to $100 per month upon his release from imprisonment are construed as a request for modification of the

payment schedule, Smith should address that claim to the district court pursuant to 28 U.S.C. § 3572(d).

Smith's arguments concerning his restitution order are **DISMISSED** as untimely due to his failure to file a direct appeal and waived for failure to raise them with the district court below.  His challenges to the length of his sentence are **DISMISSED**  for lack of jurisdiction.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge