**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 8, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DANNY M. GRIFFIN,

    Defendant - Appellant.

No. 05-3275
(D.C. No. 05-CR-10027-01-WEB)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **MURPHY, HOLLOWAY** and **McKAY**, Circuit Judges.

Defendant-Appellant, Danny M. Griffin, challenges the denial of his motions to withdraw his guilty plea by the United States District Court for the District of Kansas. The court denied his original motion to withdraw the guilty plea because he failed to demonstrate a fair and just reason for withdrawal of his plea of guilty. Moreover, the court found that Griffin did not assert his innocence. After Griffin renewed the motion and asserted his innocence, however, the court again denied his motion, finding that his assertion of innocence was conclusory and not supported by evidence.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRM.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## BACKGROUND

On February 8, 2005, defendant Danny Griffin was indicted on one count of unlawful possession with intent to distribute approximately 200 grams of a mixture containing crack cocaine. An Assistant Federal Public Defender was appointed to represent him. The trial was scheduled for April 12, 2005.

On April 8, the court was notified by defense counsel that the defendant wanted to enter a plea of guilty and a change-of-plea hearing was therefore scheduled for April 11, 2005. When the defendant appeared at the hearing, his counsel informed the court that the defendant had decided he did not want to plead guilty, but wanted to go to trial. The court informed the parties that the matter would proceed to trial the next day as scheduled. The court denied a request by the defense for a continuance of the trial, finding that the defendant had time to obtain any necessary witnesses and that the court could consider granting a continuance at a later time if it proved necessary.

Later in the afternoon of April 11, defense counsel informed the court that the defendant again wanted to plead guilty. Accordingly, the court conducted a Rule 11 hearing late in the afternoon of April 11 at which time the defendant entered a plea of guilty. The court determined that the defendant's plea was made knowingly and voluntarily, with a full understanding of its consequences. The court scheduled the sentencing hearing for June 27, 2005.

On April 19, 2005, the defendant filed a motion to withdraw his plea of guilty. At a subsequent hearing the court denied the motion, finding the plea had been made

knowingly and voluntarily and that the defendant had not demonstrated a fair and just reason for withdrawal of his plea of guilty. The court also denied defendant's request for appointment of new counsel.

On June 22, 2005, defense counsel filed a renewed motion to withdraw the plea of guilty and renewed his request for appointment of new counsel and made a motion for a continuance. In his renewed motion to withdraw his plea of guilty, the defendant again argued that he did not understand the consequences of pleading guilty. He further argued (for the first time) that he was innocent of the offense because he did not know there was cocaine in the car he was driving.

Finding that his assertion of innocence was directly contrary to his sworn statements and answers to the court at the plea hearing, the court again denied defendant's motion. The court specifically noted that at the change-of-plea hearing, the Government outlined its evidence against the defendant, and the defendant represented to the court that the Government's statement was true. In the court's opinion, the Petition to Plead Guilty executed by the defendant and his other statements to the court under oath confirm that he had knowingly and intentionally possessed the cocaine in the car. Therefore, the court held that defendant's assertion of innocence was not sufficient to establish a fair and just reason for withdrawal of the plea of guilty. Defendant was sentenced to 235 months' imprisonment, *inter alia*.

**DISCUSSION**

On appeal, defendant claims that the district court erred in denying his motion to

-3-

withdraw his guilty plea. He contends that his plea of guilty was not knowing and voluntary because he was under stress, surprised by incriminating testimony from his girlfriend, under a tight deadline to make a decision, and confused during the plea hearing. We are not persuaded.

A defendant may withdraw a plea of guilty before sentencing if the defendant can show a fair and just reason for requesting the withdrawal. Fed. R. Crim. P. 11(d). However, a defendant does not have an absolute right to withdraw a guilty plea. *United States v. Siedlik*, 231 F.3d 744, 748 (10th Cir. 2000). The defendant bears the burden of demonstrating a "fair and just reason" for his withdrawal of the plea. *Siedlik*, 231 F.3d at 748. It is within the sound discretion of the trial court to determine what circumstances justify granting a motion to withdraw a guilty plea. *United States v. Wade*, 940 F.2d 1375, 1377 (10th Cir. 1991). Such motions to withdraw guilty pleas should be "freely allowed and treated with liberality . . ." *Id.*

This Court considers seven factors in determining whether the defendant has satisfied his burden of showing that the district court acted unjustly or unfairly in denying his motion to withdraw his plea:

> (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources.

*United States v. Yazzie,* 407 F.3d 1139, 1142 (10th Cir. 2005) (quoting *United States*

*v. Sandoval*, 390 F.3d 1294, 1298 (10th Cir. 2004)). It is undisputed here that the defendant did not assert his innocence in his first motion to withdraw guilty plea. It is also undisputed that the district court considered each of the seven *Sandoval* factors before denying defendant's motion.[1] In view of this record, we cannot conclude that the district court acted unjustly or unfairly in denying that motion.

Nevertheless, the defendant asserted his innocence when he renewed his motion to withdraw his guilty plea and we must therefore decide whether the court abused its discretion in denying the renewed motion. Defendant's renewed motion rested on the claim that he did not know there was cocaine in the car he was driving. But he failed to provide any evidence to support the claim. The claim also is directly contrary to his sworn statements and answers to the court at the plea hearing and the petition to plead guilty executed by him. This court has held that conclusory statements made by the defendant are, "absent any other evidence, insufficient to show that his plea was involuntary." *United States v. Kramer*, 168 F.3d 1196, 1200 (10th Cir. 1999). Accordingly, we cannot conclude that the district court erred in finding that defendant's claim was insufficient to establish a just and fair reason to withdraw his guilty plea.

The defendant asserts that he was under stress, surprise at his girlfriend's

---

[1] The court weighed each of these factors during consideration of defendant's motion and found that: (1) the defendant had not asserted his innocence; (2) there was no evidence of significant prejudice to the government; (3) there was no significant delay in filing the defendant's motion; (4) inconvenience to the court would be minor; (5) the defendant had received effective assistance of counsel throughout the proceedings; (6) the defendant's plea was knowing and voluntary; and (7) there would be a waste of some judicial resources. (Vol. I, Doc. 28 at 5).

incriminating testimony, a tight deadline, or confused during the change of plea hearing. The record, however, does not support his assertion. The defendant was indicted on February 8, 2005, and the case was set for trial on April 12, 2005, in a general order of discovery and scheduling issued on February 15, 2005. On April 4, 2005, the district court held a status conference. (Vol. I, Doc. 14). On April 8, 2005, the court received notice from defense counsel that the defendant intended to enter a guilty plea and a hearing was scheduled for April 11, 2005. (Vol. II, at 4). On April 11, 2005, the defendant announced to the district court that he did not want to plead guilty but wanted to go to trial. (Vol. IV, at 2). The defendant personally requested a two week continuance stating that he needed to get his witnesses together. (Vol. IV, at 2-3). The district court denied the motion for a continuance, finding that the defendant would have time to obtain his witnesses while the government presented its case. (*Id*. at 4). Later in the day on April 11, 2005, the defendant notified the district court that he had reconsidered the matter and wanted to plead guilty. (Vol. III, at 2). Thus, the defendant knew in February that his trial was scheduled on April 12, 2005. Therefore, he had ample time to decide whether to plead guilty and to prepare for trial.

During the plea hearing, the district court entered into an exhaustive colloquy with the defendant, explaining the plea and petition and the defendant continually assured the court that he understood the proceedings. (Vol. III). When the defendant had a question or did not understand, he asked the court and conferred with his counsel for clarification. (Vol. III, at 5, 12). The district court instructed the defendant at the commencement of

the hearing: "Anytime you don't understand what I'm asking you, you ask me again or talk to Mr. Henderson [defense counsel] about it. . . ." (*Id*. at 3). At the conclusion of the change of plea hearing the district court asked the defendant "Are you offering your plea of guilty with a full understanding of all the matters set forth in this petition and in the certificate of your attorney?" The defendant responded, "Yes." The court then asked, "Is there anything about it that you don't understand and want to ask me?" The defendant answered, "No, sir." (Vol. III, at 19). This record directly contradicts defendant's claim that he lacked understanding when he entered the plea of guilty. Defendant was represented by counsel and he fully conferred with counsel during the proceedings. We, therefore, conclude that the district court properly found that the defendant's plea was made with a full understanding of the consequences of the plea and that the plea was voluntary.

Accordingly, the district court's judgment is

AFFIRMED.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge