**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 23, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JESUS BARCELO-PICASO,

      Defendant - Appellant.

No. 10-2105
(D.C. No. 2:09-CR-03413-MCA-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Circuit Judge, **TACHA** and **O'BRIEN**, Circuit Judges.

Jesus Barcelo-Picaso pled guilty, without the benefit of a plea agreement, to illegal reentry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b). He was sentenced to 21 months imprisonment. Finding no meritorious issues for appeal, his counsel has submitted an *Anders* brief and a motion for leave to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). Counsel provided Barcelo-Picaso with copies of both

---

[*] Oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

documents and we informed him of his right to file a response. *See* 10th Cir. R. 46.4(B)(2). He did not file a response. Because we agree with counsel that there are no meritorious issues, we grant the motion to withdraw and dismiss the appeal.

## I. BACKGROUND

On June 13, 2001, Barcelo-Picaso, a citizen of Mexico, was convicted of, *inter alia*, felony aggravated assault in Arizona state court. He was deported on May 27, 2009. Less than four months later, on September 16, 2009, Barcelo-Picaso was found in Luna County, New Mexico. He was charged with illegal reentry of a deported alien. He pled guilty without a plea agreement.

The presentence investigation report (PSR) determined the base offense level was 8. *See* USSG §2L1.2(a). It applied a four-level enhancement because Barcelo-Picaso had previously been deported following a felony conviction.[1] *See* USSG §2L1.2(b)(1)(D). Applying a two-level downward adjustment for acceptance of responsibility, *see* USSG §3E1.1, the total offense level was 10. With a Criminal History Category of V, the advisory guideline range was 21 to 27 months imprisonment. Barcelo-Picaso did not object to the PSR but did file a sentencing memorandum requesting a sentence at the bottom of the guideline range. The government opposed that request, claiming a sentence at the top of the guideline range was appropriate under the

---

[1] USSG §2L1.2(b)(1) provides for an enhancement to a defendant's base offense level if he was previously deported following a felony conviction. The level of enhancement (four, eight, twelve or sixteen) depends on the nature of the previous felony conviction. The probation officer reviewed the elements of Arizona's aggravated assault statute and concluded it did not qualify for an enhancement greater than four levels.

- 2 -

factors set forth in 18 U.S.C. § 3553(a), in particular, Barcelo-Picaso's extensive criminal history.

Two days prior to sentencing, Barcelo-Picaso's attorney filed a motion to withdraw the guilty plea due to Barcelo-Picaso's attempts to obtain United States citizenship.[2] He claimed Barcelo-Picaso was adopted in 1991 by his American stepfather but his stepfather died before he could obtain legal residency or citizenship. At sentencing, counsel reiterated Barcelo-Picaso's desire to withdraw his guilty plea because it could jeopardize his ability to obtain citizenship. Barcelo-Picaso himself argued for the first time that his adoption papers conferred citizenship upon him retroactive to 1985, the year his mother and stepfather married. The district court denied the motion, concluding there were no just or reasonable grounds for Barcelo-Picaso to withdraw his plea. Proceeding to sentencing, the court determined the PSR had correctly calculated the advisory guideline range. After considering the § 3353(a) factors, the court sentenced Barcelo-Picaso to 21 months imprisonment.

## II. DISCUSSION

Under *Anders*, "if counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. With his motion to withdraw, counsel must submit "a brief referring to anything in the record that might arguably support the appeal." *Id.* The

---

[2] Counsel filed the motion to withdraw guilty plea pursuant to *Anders*. At sentencing, he clarified he filed the motion at his client's urging but he was unable to locate any legal authority to support it.

- 3 -

defendant must have the opportunity to review counsel's brief and "raise any points that he chooses" to the court. *Id.* The court must then conduct a full examination of the record to determine "whether the case is wholly frivolous." *Id.* If the court concludes the case is frivolous, it may grant counsel's motion to withdraw and dismiss the appeal. *Id.*; *see also United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (discussing *Anders* procedure).

In the *Anders* brief, counsel identifies only one issue which might arguably support an appeal: "[Barcelo-Picaso's] step-father, a United States citizen, adopted [him] while [he] was still a minor. Unfortunately, [the] step-father died before [Barcelo-Picaso] could become a naturalized United States citizen." (Appellant's Opening Br. at 3.) Barcelo-Picaso raised this issue in the district court as grounds to support his motion to withdraw his guilty plea.

A defendant may withdraw a guilty plea before sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). We consider seven factors to determine if he has satisfied that burden: "(1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources." *United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993). We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Wade*, 940 F.2d 1375, 1376 (10th Cir. 1991). "Although a motion to withdraw a plea prior to sentencing

should be freely allowed, we will not reverse a district court's decision unless the defendant can show that the court acted unjustly or unfairly." *United States v. Hamilton*, 510 F.3d 1209, 1213-14 (10th Cir. 2007) (quotations omitted).

Barcelo-Picaso has failed to make the requisite showing. He admitted guilt at his change of plea hearing. While he later claimed he was a citizen of the United States via his 1991 adoption (i.e., he is actually innocent), he could not provide any legal authority supporting that claim. Indeed, it appears the adoption was only a step in his <u>attempt to become a citizen</u>; he did not in fact obtain citizenship because his stepfather died before he could do so. Barcelo-Picaso also delayed filing his motion to withdraw until two days before sentencing, even though he admitted he was aware of the argument supporting his motion to withdraw six months prior to sentencing. He never informed the magistrate judge who took his guilty plea that he had reservations about pleading guilty. Additionally, he told the district court he was satisfied with his counsel's performance and the magistrate judge properly informed him of his rights during the change of plea colloquy. There is no indication that Barcelo-Picaso's plea was not freely or voluntarily made.

After a careful review of the record, we agree with counsel—there are no arguably meritorious claims. We **GRANT** counsel's motion to withdraw and **DISMISS** this appeal.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

- 5 -